FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 16 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAMES R. BROWN
67 SEQUOIA DRIVE
CORAM, NY 11727

                Plaintiff,

v.

PENNCRO ASSOCIATES, INC.
95 JAMES WAY, SUITE 113
SOUTHAMPTON, PA 18966

                Defendant.

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

CV 11 - 2382

Jury Trial Demanded

HURLEY J
BOYLE, M.J.

## INTRODUCTION

1. This is an action for damages and declaratory relief by an individual consumer for repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter the "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) in that the Plaintiff resides here, defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, JAMES R. BROWN ("Plaintiff"), is a natural person residing in Suffolk County, New York, in the Western District of New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant PENNCRO ASSOCIATES, INC. ("Defendant"), is registered a corporation organized under the laws of Pennsylvania, and that Defendant regularly engages in the collection of debts in New York, and that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. That all references to Defendant shall include an employee or employees of Defendant.

## FACTUAL ALLEGATIONS

7. That Plaintiff incurred a financial obligation in the amount of $4206.39 to FIA Card Services, N.A., arising out of a transaction that was primarily for personal, family, or household purposes (hereinafter the "Account").

8. That the Account is a "debt" as defined by 15 U.S.C. § 1692a(5).

9. That following Plaintiff's default on the Account, the Account was assigned, placed or otherwise transferred to the Defendant for collection from Plaintiff.

10. That Plaintiff has received letters, phone calls and voicemail messages from Defendant who was attempting to collect the Account, which letters and calls each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

11. That on beginning on or about January 4, 2011, Defendant, circulated a letter to Plaintiff in an effort to collect on a debt. A copy of the letter is attached hereto as <u>Exhibit A.</u>

12. That through the date of this Complaint, no legal action has been commenced against Plaintiff by Defendant in an attempt to collect on the alleged Account.

13. The January 4, 2011 letter stated that "The above referenced account has been referred to our office for collection. Previous attempts have been made by our client to resolve this debt voluntarily. As of this date, those attempts have been ignored. Penncro Associates, Inc. has been authorized by our client to resolve this debt and we are committed to provide the necessary effort to properly collect this debt. We recommend that you take advantage of this opportunity to pay at least the minimum amount due to bring your account current. Please detach the lower portion of this notice and return with your payment in the enclosed envelope".

14. The January 4, 2011 letter also stated the statutory validation notice set forth in 15 U.S.C. 1692 (g) as follows: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid".

15. The statement that "The above referenced account has been referred to our office for collection. Previous attempts have been made by our client to resolve this debt voluntarily. As of this date, those attempts have been ignored. Penncro Associates, Inc. has been authorized by our client to resolve this debt and we are committed to provide the necessary effort to properly collect this debt. We recommend that you take advantage of this opportunity to pay at least the minimum amount due to bring your account current. Please detach the lower portion of this notice and return with your payment in the enclosed

envelope". (1) confuses the "least sophisticated debtor" and (2) contradicts and overshadows the 30 day validation notice pursuant to 15 U.S.C. 1692 (g) because the language gives the impression that Plaintiff does not have the full 30 days to dispute the validity of the debt.

16. The statement also violates 15 U.S.C. 1692 (e) (g) because it is a misrepresentation and is intimidating and threatening, and was made in an attempt to confuse Plaintiff into believing Defendant would commence legal action against him.

17. The Defendant's statements and actions are part of a campaign of abusive and unlawful collection tactics directed at Plaintiff.

18. That as a result of the actions of Defendant, Plaintiff has been embarrassed, humiliated, became upset, and suffered damages, including emotional distress.

### FIRST CAUSE OF ACTION UNDER THE FDCPA

19. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 18.

20. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (g), through its communication by overshadowing the statutory validation notice.

21. That as a result of such violation Plaintiff has suffered damages, including emotional distress.

### SECOND CAUSE OF ACTION UNDER THE FDCPA

22. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 18.

23. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (d), by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

24. That as a result of such violation Plaintiff has suffered damages, including emotional distress.

### THIRD CAUSE OF ACTION UNDER THE FDCPA

25. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 18.

26. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f, by communicating false,

deceptive, and/or misleading representations to Plaintiff in an attempt to collect a debt, as described in this complaint.

27. That as a result of such violations Plaintiff has suffered damages, including emotional distress.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages as proven at trial, on each and every claim, pursuant to 15 U.S.C. §1692(k);
B. Statutory damages pursuant to 15 U.S.C. §1692(k);
C. Costs, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k);
D. For such other and further relief as may be just and proper.

DATED:   April 19, 2011
         Buffalo, NY

THOMAS P. HURLEY, ESQ.
GODWIN, GILMOUR & HURLEY, LLP
1234 DELAWARE AVENUE
BUFFALO, NY  14209
(716) 844-8350
thurley@gghlawfirm.net

## **VERIFICATION**

I, JAMES R. BROWN, verify that I am the Plaintiff in this action and that the foregoing Complaint, that the facts contained therein are true and correct to the best of my knowledge, information, or belief under penalties of perjury as provided by law, that this Complaint is not filed for any improper purpose, such as to harass any Defendant, and that the Complaint is filed in good faith and is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

_____
JAMES R. BROWN          Dated: 02/02/2011